UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04651-MRA-MAA<br>2:25-cv-04660-MRA-MAA<br>2:25-cv-04661-MRA-MAA<br>2:25-cv-04668-MRA-MAA<br>2:25-cv-04671-MRA-MAA<br>2:25-cv-04675-MRA-JPR<br>2:25-cv-04677-MRA-MAA<br>2:25-cv-04706-MRA-MAA | Date | July 3, 2025 |
|---|---|---|---|
| Title | *Laura Coles et al. v. Whaleco, Inc. et al.*<br>*Marcalett Wideman et al. v. Whaleco, Inc. et al.*<br>*Victor Smith et al. v. Whaleco, Inc. et al.*<br>*Breeaunna Henry et al. v. Whaleco, Inc. et al.*<br>*Johnny Hart et al. v. Whaleco, Inc. et al.*<br>*Juan Ramos et al. v. Whaleco, Inc. et al.*<br>*Melisha Jones et al. v. Whaleco, Inc. et al.*<br>*David Clark et al. v. Whaleco, Inc. et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE RE: CONSOLIDATING CASES

The Court orders the parties to show cause why it should not join the following cases:

- *Laura Coles et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04651-MRA-MAA
- *Marcalett Wideman et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04660-MRA-MAA
- *Victor Smith et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04661-MRA-MAA
- *Breeaunna Henry et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04668-MRA-MAA
- *Johnny Hart et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04671-MRA-MAA
- *Juan Ramos et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04675-MRA-JPR
- *Melisha Jones et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04677-MRA-MAA
- *David Clark et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04706-MRA-MAA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (internal quotation marks omitted).

Here, common questions of law and fact predominate: the complaints in these actions are identical. That the actions have already been designated as related cases also underscores the commonality between these actions. Moreover, the interest in judicial convenience is manifest: each action involves over 900 individually named plaintiffs. At this early stage of litigation, there is little potential for delay, confusion, or prejudice from consolidation. The impracticality of maintaining multiple dockets for these actions is already becoming manifest: Defendant (through no fault of its own, given the way Plaintiffs have chosen to litigate this action) has filed multiple identical motions across the cases, which will result in duplicative, unnecessary work for everyone involved. There is simply no reason to continue down this path while consolidation remains a viable option. Should matters develop such that consolidation is no longer appropriate, the parties can move for relief.

Accordingly, if the parties object to the following proposed steps to consolidate and facilite case management, they are ordered to show cause as to why the Court should not enact the following:

1) Pursuant to Federal Rule of Civil Procedure 42(a), the following "Actions" are hereby consolidated into a Consolidated Action for all purposes, including, without limitation, discovery, pretrial proceedings, and trial: *Laura Coles et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04651-MRA-MAA; *Marcalett Wideman et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04660-MRA-MAA; *Victor Smith et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04661-MRA-MAA; *Breeaunna Henry et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04668-MRA-MAA; *Johnny Hart et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04671-MRA-MAA; *Juan Ramos et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04675-MRA-JPR; *Melisha Jones et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04677-MRA-MAA; *David Clark et al. v. Whaleco, Inc. et al.*, Case No. 2:25-cv-04706-MRA-MAA.

2) Every pleading in the Consolidated Action shall have the following caption:

| *In re: Whaleco Inc. Malware Litigation* | Case No. 2:25-cv-04651-MRA-MAA<br>Hon. Mónica Ramírez Almadani |
|---|---|
| This Document Relates To: | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

3) The file in 2:25-cv-04651-MRA-MAA shall constitute the master file for every action in the consolidated action. The Clerk shall administratively close the other actions. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies and the last name of the first-listed plaintiff in said action.

4) Because the filings across the cases are identical, the Complaint and Motion to Dismiss in 2:25-cv-04651-MRA-MAA will be the operative filings at this point in the proceedings.

5) All actions subsequently filed in, or transferred to, this District shall be consolidated into the Consolidated Action only if the Court determines that they are in fact related. It shall be the responsibility of the parties in those actions to promptly file a Notice of Related Cases pursuant to Local Rule 83-1.3.1.

6) A party's appearance in the consolidated case shall apply to all constituent cases.

7) This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action with good cause shown.

**If any parties object to the proposed consolidation, they shall file a response of no longer than five (5) pages explaining their objection within five (5) days of this Order.**

**IT IS SO ORDERED.**

                                                                -      :      -

Initials of Deputy Clerk     mku